### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

**MINNESOTA LIFE INSURANCE COMPANY**

**CIVIL ACTION NO.** _____

**VERSUS**

**SECTION** _____

**JUDGE** _____

**MAG. JUDGE** _____

**REVA LIGHTFOOT; ANASTASIA BOYD;
DEIDRA DARBY AS NATURAL TUTRIX OF
DAHLIA ANN DARBY; SAMANTHA BOOKER
AS NATURAL MOTHER AND GUARDIAN OF
L. L. B.; AND JONES FUNERAL HOME, INC.**

### COMPLAINT FOR INTERPLEADER

**COMES NOW** the Plaintiff, Minnesota Life Insurance Company ("Minnesota Life"), by and through its counsel, and pursuant to Rule 22 of the Federal Rules of Civil Procedure, submits this, its Complaint for Interpleader, and would show unto the Court the following:

### I. THE PARTIES

1.      Minnesota Life is a corporation duly organized and existing under the laws of the State of Minnesota, with its principal place of business at 400 Robert Street North, St. Paul, Minnesota 55101.  During all times referred to in the Complaint for Interpleader, Minnesota Life was authorized to do business and was doing business in the State of Mississippi.

2.      Defendant Reva Lightfoot ("Lightfoot") is an adult resident citizen of St. Mary Parish, Louisiana, and her last known address is 853 Irish Bend Road, Franklin, Louisiana. Lightfoot claims to be one of the surviving children of the insured and claims to be a beneficiary under the Policy.

3.      Defendant Anastasia Boyd ("Boyd") is an adult resident citizen of St. Mary Parish, Louisiana, and her last known address is 125 Madison Street, Franklin, Louisiana.  Boyd claims to be one of the surviving children of the insured and claims to be a beneficiary under the Policy.

4.      Defendant Deidra Darby ("Darby") is an adult resident citizen of St. Mary Parish, Louisiana and she resides at 153 Elm Street, Centerville, Louisiana.  Darby is the Natural Tutrix of the minor child Dahlia Ann Darby, one of the surviving children of the insured and, claims to be a beneficiary under the Policy. (Exhibit 1) Darby may be served with process through her attorney Lucretia Pecantte, 420 Iberia Street, New Iberia, Louisiana.

5.      Defendant Samantha Booker ("Booker") is an adult resident citizen of the State of Texas and she resides at 3512 East Broadway Street, Apt. 307, Pearland, Texas 77581.  Booker is the natural mother and guardian of the minor child, L. L. B.  Booker claims that L. L. B. is one of the surviving children of the insured and claims L. L. B. is a beneficiary under the Policy. (Exhibit 2) Booker may be served with process at said address, or through her attorney, La'Derical Wagner, 825 Center Street, Suite A, New Iberia, Louisiana 70560.

6.      Defendant Jones Funeral Home, Inc. ("Jones") is a Louisiana corporation with its principal place of business in Franklin, Louisiana.  Jones may be served with process through its attorney, Allen A. McElroy, Jr., 3481 Fifth Street, P.O. Box 208, Berwick, Louisiana 70342.

## II. JURISDICTION AND VENUE

7.      This is a civil action for interpleader governed by the Fed. R. Civ. 22 inasmuch as it involves persons with adverse claims for life insurance benefits under a policy of insurance issued by the Plaintiff, which is, or may be, exposed to multiple liability for death benefits on the life of Henry L. Darby, Jr.

8.      This Court has original jurisdiction under 28 U.S.C. § 1332 inasmuch as this civil action involves citizens of different states, Minnesota and Louisiana, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

9.      Venue is proper in the Western District of Louisiana pursuant to 28 U.S.C §1391 as it is the judicial district in which one or more of the defendants reside.

### III. FACTS AND CAUSE OF ACTION IN INTERPLEADER

10.      Henry L. Darby, Jr. ("Mr. Henry Darby") was insured under Group Policy Number 0033894 ("Policy") issued by Minnesota Life Insurance Company to Cameron International Corporation. (Exhibit 3)  Mr. Henry Darby purchased basic life insurance in the amount of $84,000 and supplemental life insurance in the amount of $209,000.  The total amount of Policy benefits is $293,000.

11.      On July 31, 2015 Mr. Henry Darby passed away. (Exhibit 4)  Mr. Henry Darby had designated his mother as the sole beneficiary of the Policy benefits but Mr. Henry Darby's mother pre-deceased Mr. Henry Darby.  Because Mr. Henry Darby had not designated a secondary or contingent beneficiary, the benefits are paid in accordance with the priority set forth in the Policy.  The priority set forth in the Policy, if there is no surviving designated beneficiary is first to the insured's lawful spouse, if living, otherwise to the insured's natural or legally adopted children in equal shares, if living.  Mr. Henry Darby did not have a lawful spouse.  Accordingly, according to the terms and provisions of the Policy, the benefits are to be shared equally among his surviving children.

12.      Mr. Henry Darby's obituary identified several children.  (Exhibit 5)  Of those identified in the obituary, Lightfoot, Boyd, Darby, and Booker claim entitlement to the life insurance proceeds. (Exhibit 6)  Each claims in the beneficiary statement that she, or her minor

3

child, is a child of Mr. Henry Darby.  However, Darby claims that that none of the other adverse claimants are Mr. Henry Darby's natural or legally adopted child and therefore are not entitled to any of the proceeds. (Exhibit 7)  Darby claims that Dahlia Ann Darby is Mr. Henry Darby's only surviving child and as such is entitled to all of the process.  Since none of the other Claimants dispute that Dahlia Ann Darby is a surviving child, one fifth of the Policy benefits has been paid to Darby.  Thus, the amount to be interpled is $234,400 plus interest.

13.     Jones claims it is entitled to a portion of the benefits because it received assignments from the other four defendants. (Exhibit 8)  However, the efficacy of the assignments is in question.  If Lightfoot and Boyd are not children of Mr. Henry Darby, as Darby contends, then the assignment has no force and effect.  In *Succession of Henry Lee Darby*, the Louisiana District Court for St. Mary Parish entered a judgment that L.L.B. is not a child of Mr. Darby for purposes of succession (Exhibit 9) and no proof has been provided that Booker had authority to execute the assignment on behalf of L. L. B.  Additionally, Darby is objecting to the validity of the assignment. (Exhibit 10)  Thus, though Minnesota Life takes no position on the issue, it is possible none of the four assignments are valid.

14.     Minnesota Life is uncertain as to whether Lightfoot, Boyd, Darby, and/or Booker is or are the proper beneficiaries of the Policy benefits.  Minnesota Life is also uncertain as to whether the assignments are valid thereby entitling Jones to a portion of the Policy benefits.

15.     Consequently, Minnesota Life is justifiably uncertain as to whether payment of the Policy benefits to any of the aforementioned Defendants would subject it to multiple and vexatious litigation at some point in the future.  Minnesota Life is unable to ascertain, without hazard to itself, which of the Defendants is or are legally entitled to the Policy benefits and

cannot pay those funds without assuming the responsibility of determining doubtful questions of law and fact.

16.     Minnesota Life claims no beneficial interest in the Policy benefits, but is a mere stakeholder.  Minnesota Life does not in any respect collude with any of the Defendants touching the matters in this action.

17.     Minnesota Life is and has at all times been willing, ready, and able to pay the person or persons legally entitled to receive the Policy benefits and will deposit with the Clerk of the Court the entire amount of said funds as soon as the Court approves of said deposit.

18.     Minnesota Life has been called upon to retain the undersigned attorney for the purpose of protecting its interest in prosecuting this action.  Minnesota Life requests that an award be made out of the funds herein deposited into this Court to pay for reasonable attorney's fees, costs and other expenses, which Minnesota Life is compelled to expend in the prosecution of this Complaint for Interpleader.

**WHEREFORE, PREMISES CONSIDERED**, Minnesota Life Insurance Company prays as follows:

A.     That process be issued to and served on the Defendants and that they be required to interplead and assert their respective claims to the subject funds paid into the registry of the Court and settle among themselves their rights or claims thereto.

B.     That the Policy benefits plus interest, which will be deposited with the Clerk of the Court, be accepted into the registry of the Court to be held in an interest bearing account for future disbursement to the person or persons adjudged by this Court to be lawfully entitled thereto.

C.     That the Court adjudicate that the aforesaid amount is the extent of Minnesota Life Insurance's liability to anyone with respect to the Policy benefits of Henry L. Darby, Jr., deceased.

D.     That this Court issue an order of injunction, pursuant to Rule 22 of the Mississippi Rules of Civil Procedure, enjoining and restraining the Defendants, their agents, attorneys, successors, personal representatives, heirs, devisees, legatee, and assigns from asserting, instituting or prosecuting any and all demands, claims, actions or causes of actions against Minnesota Life, its agents, officers, trustees, employees, representatives, attorneys, successors, and assigns with regard to, pertaining to or in manner relating to or arising out of the subject life insurance policy and the funds related herein, and that in due course said order of injunction be made permanent.

E.     That an award be made to Minnesota Life out of the subject funds deposited into this Court to pay for reasonable attorneys' fees, costs and expenses which Minnesota Life is compelled to expend in the prosecution of this Complaint for Interpleader.

F.     That Minnesota Life be finally dismissed from this action, with prejudice, and fully discharged from any further liability which in any manner may arise under the Policy and the funds held in this account and that this Court shall adjudicate to whom the Clerk of this Court shall disburse the subject funds deposited into the registry of this Court.

G.     Minnesota Life prays for such other and further relief as this Court deems equitable and just.

This, the 27th day of June, 2017.

Respectfully submitted,

**MINNESOTA LIFE INSURANCE COMPANY**


By:  *s/Richard T. Conrad III*
      Richard T. Conrad III (LA 25006)


**OF COUNSEL:**

**WELLS MARBLE & HURST, PLLC**
Kelly D. Simpkins (pro hac vice to be filed)
Richard T. Conrad III
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone:     (601) 605-6900
Facsimile:     (601) 605-6901
ksimpkins@wellsmar.com
rconrad@wellsmar.com

/259599

7