UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

MINNESOTA LIFE INSURANCE                CIVIL ACTION NO. 6:17-cv-00823
COMPANY

VERSUS                                  UNASSIGNED DISTRICT JUDGE

REVA LIGHTFOOT, ET AL.                  MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

Currently pending before the court are three motions, plaintiff Minnesota Life Insurance Company's motion to dismiss (Rec. Doc. 24), defendant Deidra Darby's motion for summary judgment concerning the claim of defendant Reva Lightfoot (Rec. Doc. 26), and defendant Deidra Darby's motion for summary judgment concerning the claim of defendant Samantha Booker (Rec. Doc. 27). The motions were referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court and were submitted for resolution without oral argument. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that ruling on the defendant's motion to dismiss be DEFERRED and that both motions for summary judgment be DENIED.

## BACKGROUND

Based on the record currently before the court, the following facts are undisputed. Henry L. Darby, Jr. was insured under Group Policy No. 0033894, which was issued by Minnesota Life Insurance Company to Cameron International Corporation. The group policy afforded basic life insurance in the amount of $84,000 and supplemental life insurance in the amount of $209,000. Mr. Darby designated his mother as his sole beneficiary, and he did not designate a secondary or contingent beneficiary. When Mr. Darby died on July 31, 2015, however, his mother had already predeceased him. Therefore, under the terms of the insurance policy, the proceeds were to be paid to Mr. Darby's surviving children in equal shares.

Mr. Darby's obituary stated that he had five children: Reva Lightfoot, Anastasia Boyd, L.B., Dahlia Darby, and Quintus Williams. Mr. Williams did not assert a claim to the insurance proceeds, but claims were asserted by or on behalf of the other four persons identified in the obituary as Mr. Darby's children. Deidra Darby (Mr. Darby's ex-wife and the mother of his daughter Dahlia) disputed the validity of the claims asserted by Ms. Lightfoot, Ms. Boyd, and L.B., arguing in correspondence to the plaintiff that Ms. Lightfoot, Ms. Boyd, and L.B. actually were not Mr. Darby's children. Because none of the claimants disputed Ms. Darby's claim

that Dahlia was Mr. Darby's daughter, Minnesota Life paid one-fifth of the policy proceeds to Ms. Darby for Dahlia's benefit.

Jones Funeral Home, Inc. also asserted a claim to a portion of the insurance proceeds based on Ms. Darby, Ms. Boyd, Ms. Lightfoot, and Samantha Booker (L.B.'s mother) each having individually executed a document stating that she was assigning to Jones the sum of $14,063.58 from the anticipated payment of insurance policy proceeds.  This Court assumes that this was the amount that Jones charged for Mr. Darby's funeral.

Minnesota Life initiated this interpleader proceeding pursuant to Rule 22 of the Federal Rules of Civil Procedure then filed a motion to dismiss, alleging that it claims no interest in the policy proceeds, is a mere stakeholder, is uncertain as to the proper beneficiaries of the policy proceeds, and is uncertain as to the validity of the assignments in favor of Jones.  Minnesota Life deposited into the registry of the court the sum of $254,011.47, representing the face value of the coverages afforded by the group life insurance policy ($84,000 + $209,000 = $293,000) minus the payment already made to Ms. Darby for Dahlia's benefit ($58,600), plus accrued interest. Minnesota Life named Ms. Lightfoot, Ms. Boyd, Ms. Darby (on behalf of Dahlia), Ms. Booker (on behalf of L.B.), and Jones as defendants in the suit.

Although she was served, Ms. Boyd has not answered Minnesota Life's complaint or appeared in this lawsuit in any capacity.

## THE PARTIES' CONTENTIONS

By means of its motion to dismiss (Rec. Doc. 24), Minnesota Life seeks (1) to have the claimants' right to the proceeds determined by the court; (2) to have the claimants barred from seeking recovery under the subject insurance policy from Minnesota Life other than as determined in this lawsuit; (3) to recover costs and fees in the amount of $19,595.31; and (4) to be dismissed from this lawsuit with prejudice.

In her first motion for summary judgment (Rec. Doc. 26), Ms. Darby seeks to have Ms. Lightfoot's claim to the insurance proceeds invalidated.

In her second motion for summary judgment (Rec. Doc. 27), Ms. Darby seeks to have L.B.'s claim to the insurance proceeds invalidated.

## LAW AND ANALYSIS

### A.  THE STANDARD FOR ANALYZING AN INTERPLEADER ACTION

The court "has broad powers in an interpleader action."[1]  Interpleader actions are generally divided into two stages.  The court first determines whether the requirements for an interpleader action have been met, including deciding whether

---

[1]     *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999), cert. denied, 531 U.S. 924 (2000).

there is a single fund at issue and whether there are adverse claimants to that fund.[2]

If the court decides that the requirements for interpleader are met, it then determines the respective rights of the claimants to the funds deposited with the court, with each claimant occupying an adversary position to the others.[3]    Absent any special circumstances, the second stage will proceed like any other action; if there are no genuine issues of material fact that require proceeding to trial, the second stage may be adjudicated through summary-judgment motions.[4]

## B.    INTERPLEADER IS PROPER IN THIS CASE

This action is a rule interpleader, brought under Fed. R. Civ. P. 22 and 28 U.S.C. § 1332, because Minnesota Life is a Minnesota citizen while the defendants are all Louisiana citizens.  This Court finds that the proceeds of the decedent's basic and supplemental life insurance coverage comprise a single fund.  This Court further finds that, when this suit was filed, the claimants genuinely disputed their respective claims to that fund.  Accordingly, this Court finds that interpleader is the proper procedural vehicle for determining to whom the proceeds of the decedent's life insurance policy should be distributed.  The proceeds of Minnesota Life's insurance

---

[2]        *Rhoades v. Casey*, 196 F.3d at 600.

[3]        *Rhoades v. Casey*, 196 F.3d at 600.

[4]        *Rhoades v. Casey*, 196 F.3d at 600; citing 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1714, at 628 (3d ed. 2001).

policy has already been deposited into the registry of the court and those proceeds are available for distribution to or among the claimant or claimants that establish a right to all or a share of the proceeds.  Minnesota Life requested that it be recognized as a stakeholder with no interest in the proceeds of the policy and also requested that it be dismissed from the suit.  No claimant opposed those requests.  The only opposition to Minnesota Life's motion to dismiss was filed by Ms. Lightfoot, who did not oppose the Minnesota Life's request for dismissal but did oppose Minnesota Life's request for an award of attorneys' fees and costs.  This Court finds that Minnesota Life's request for dismissal from the suit is well-founded and should eventually be ordered.  However, Minnesota Life's request for attorneys' fees and expenses cannot be granted at this time.   Therefore, this Court will recommend that ruling on Minnesota Life's motion to dismiss be deferred pending resolution of the fees and expenses issue.

## C.    THE PLAINTIFF'S CLAIM FOR FEES AND COSTS

In a successful interpleader action, the district court has the authority to and may, in its sound discretion, award reasonable costs, including attorney's fees, to a disinterested stakeholder that is not in substantial controversy with one of the

claimants, whenever it is fair and equitable to do so.[5]  Any such award must be reasonable.[6]  Five factors are usually considered in making such an award:  (1) whether the case is simple; (2) whether the interpleader-plaintiff performed any unique services for the claimants or the court; (3) whether the interpleader-plaintiff acted in good faith and with diligence; (4) whether the services rendered benefitted the interpleader-plaintiff; and (5) whether the claimants improperly protracted the proceedings.[7]  Courts in this circuit have also applied the lodestar method used in civil rights cases to determine whether requested attorney's fees are reasonable and equitable in interpleaders.[8]  Because all that is required in a typical interpleader action is the preparation of a petition, the deposit of the funds in the court or the posting of a bond, service on potential claimants, and the preparation of an order discharging the

---

[5]     *Rhoades v. Casey*, 196 F.3d at 603; *Corrigan Dispatch Co.*, 696 F.2d 359, 364 (5th Cir. 1983).

[6]     *Rhoades v. Casey*, 196 F.3d at 603; *James Talcott, Inc. v. Allahabad Bank, Ltd.*, 444 F.2d 451, 468 (5th Cir. 1971).

[7]     *Royal Indem. Co. v. Bates*, 307 Fed. App'x 801, 806 (5th Cir. 2009) (citing 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1719 (3d ed.2001)).

[8]     See, e.g., *Transamerica Annuity Service Corp. v. Symetra Life Ins. Co.*, No. H-16-1426, 2017 WL 3442464, at *4 (S.D. Tex. Aug. 9, 2017) (and the cases cited therein); *Metropolitan Life Ins. Co. v. Linnear*, No. 14-0047, 2014 WL 4678713 (W.D. La. Sept. 18, 2014); *Cedotal v. Whitney Nat. Bank*, No. 94-01397, 2010 WL 5582989, at *2 (E.D. La. Nov. 10, 2010).

stakeholder, the amount of the attorneys' fee award is usually moderate.[9]  In this case, however, Minnesota Life argues that the number of claimants and the complexity of the claimants' relationships required that it do more work than is typical in an interpleader action.

Based on the record before it, this Court needs additional information in order to be able to determine whether the specific award requested by Minnesota Life is reasonable.  Although an affidavit by the plaintiff's attorney was submitted, the affidavit requests an award in the amount of $19,695.31 without explaining how much of the requested amount is attributable to fees, how much is attributable to expenses, how many hours the attorneys worked on the file, or what their hourly rates were for that work.  Without knowing how many hours were billed or what the attorneys' hourly rates were, it is impossible for this Court to determine whether the amount of attorneys' fees sought to be recovered is reasonable.  Similarly, without a detailed explanation of the expenses incurred, this Court is unable to determine whether the claimed expenses are reasonable.  Therefore, this Court will recommend that further documentation be submitted by the plaintiff's counsel and that the

---

[9]    Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1719 (3d ed. 2001).

claimants be permitted an opportunity to traverse the claimed amounts after the additional documentation has been submitted.

## D.    THE DEFENDANTS HAVE NOT PROVEN THEIR ENTITLEMENT TO THE INSURANCE PROCEEDS

In an interpleader action, each claimant must prove his or her right to the fund by a preponderance of evidence.[10]  Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law.[11]  A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[12]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact.[13]  If the moving party

---

[10]    *Rhoades v. Casey*, 196 F.3d at 600.

[11]    *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex*., 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc*., 232 F.3d 473, 477 (5th Cir. 2000).

[12]    *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. at 252); *Hamilton v. Segue Software, Inc*., 232 F.3d at 477.

[13]    *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

-9-

carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.[14]   All facts and inferences are construed in the light most favorable to the nonmoving party.[15]

When presented with a summary-judgment motion, the district court does not have a duty to sift through the record in search of evidence to support a party's position.[16]   Instead, the parties are required to "identify specific evidence in the record, and to articulate the 'precise manner' in which that evidence support[s] their claim."[17]

Anastasia Boyd submitted a claim to Minnesota Life, alleging that she is Mr. Darby's daughter and, consequently, is entitled to share in the life insurance proceeds. She was named as a defendant in the lawsuit and served with process.  However, to date she has not answered the suit or responded to the motions filed by the other parties.  But no party has sought to have her claim adjudicated.  The jurisprudence is clear that the failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the fund may be viewed as forfeiting any claim of

---

[14]     *Washburn v. Harvey*, 504 F.3d at 508.

[15]     *Brumfield v. Hollins*, 551 F.3d at 326 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

[16]     *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915, n.7 (5th Cir.), cert. denied, 506 U.S. 832 (1992).

[17]     *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

-10-

entitlement that might have been asserted.[18]   However, Ms. Boyd's claim is not currently before the court.

Samantha Booker submitted a claim to Minnesota Life, alleging that she is the mother of L.B., that L.B. is Mr. Darby's daughter, and that L.B. is entitled to share in the life insurance proceeds.  Ms. Booker was named as a defendant in the lawsuit and served with process.  To date she has not answered the suit or responded to the motions filed by the other parties; however, her claim is not currently before the court.

Reva Lightfoot submitted a claim to Minnesota Life, alleging that she is Mr. Darby's daughter and consequently is entitled to share in the life insurance proceeds. Ms. Lightfoot answered the complaint, and she opposed Minnesota Life's motion to dismiss to the extent that Minnesota Life seeks to recover attorneys' fees and costs. She did not file a motion for summary judgment with regard to her entitlement to the fund.  Therefore, her claim is not before the court at this time.

Ms. Darby submitted a claim to Minnesota Life, alleging that she is Mr. Darby's ex-wife and that her daughter Dahlia is Mr. Darby's daughter and consequently entitled to share in the life insurance proceeds.  No objections to that

---

[18]      See, e.g., *Metropolitan Life Ins. Co. v. Theriot*, No. 08-01480, 2010 WL 4644057, at *3 (W.D. La. Nov. 8, 2010); *Gulf Coast Galvanizing, Inc. v. Steel Sales Co.*, 826 F.Supp. 197, 203 (S.D. Miss.1993).

claim were submitted to Minnesota Life, and Minnesota Life paid a portion of the insurance proceeds to Ms. Darby for Dahlia's benefit. In this lawsuit, Ms. Darby filed two motions for summary judgment. In the first (Rec. Doc. 26) she sought to establish that Ms. Lightfoot's claim is not valid. In the second (Rec. Doc. 27) she sought to establish that L.B.'s claim is not valid. Ms. Darby did not present any evidence establishing that Dahlia is Mr. Darby's daughter in support of either of her motions.

Regardless of whether Minnesota Life found it appropriate to pay a portion of the insurance proceeds for Dahlia's benefit, Ms. Darby is not entitled to summary judgment in her favor absent proof that Dahlia is Mr. Darby's daughter. In order for Dahlia to share in the life insurance proceeds, through the mechanism of this lawsuit, Ms. Darby must prove by a preponderance of the evidence that Dahlia is Mr. Darby's daughter. No such evidence was presented in support of either of her motions. While it may ultimately be proven that either Ms. Lightfoot or L.B. are not entitled to share in the proceeds, disproving their claims will not prove or strengthen Dahlia's claim. Whether Dahlia is entitled to a share of the life insurance proceeds has not yet been proven. Therefore, Ms. Darby is not entitled to summary judgment in her favor.

Ms. Darby's motions for summary judgment were not opposed. But that fact does not mean that she should prevail on the merits. "A motion for summary

judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule.  The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed."[19]  Because Mrs. Darby has not proven that Dahlia is Mr. Darby's daughter, there is no basis on which Mrs. Darby can prevail on her motions for summary judgment.  Accordingly, it will be recommended that both motions be denied.

CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED

(1)    that ruling on Minnesota Life's motion to dismiss (Rec. Doc. 24) be DEFERRED pending resolution of its claim for attorneys' fees and expenses;

(2)    that Minnesota Life be ordered to submit additional documentation of its claimed attorneys' fees and expenses, including a description of each expense and a listing of the hourly rates and number of hours expended working on this matter so that a determination can be made regarding whether the claimed fees and expenses are reasonable;

---

[19]    *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

(3)    that the defendants be afforded an opportunity to traverse the plaintiffs' claim for attorneys' fees and expenses after the plaintiff submits additional documentation;

(4)    that defendant Deidra Darby's motion for summary judgment concerning Ms. Lightfoot's claim (Rec. Doc. 26) be DENIED; and

(5)    that defendant Deidra Darby's motion for summary judgment concerning Ms. Booker's claim (Rec. Doc. 27) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on this 5th  day of February 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE