UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MINNESOTA LIFE INSURANCE COMPANY | CIVIL ACTION NO. 6:17-cv-00823 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| REVA LIGHTFOOT, ET AL. | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Currently pending before the court is the motion for summary judgment filed by defendant Deidra Darby. (Rec. Doc. 36). The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. The motion is opposed in part. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion be GRANTED and that Dahlia Ann Darby be recognized as the daughter of the decedent, Henry Lee Darby, Jr.

### BACKGROUND

Based on the record currently before the court, the following facts are undisputed. Henry L. Darby, Jr. was insured under Group Policy No. 0033894, which was issued by Minnesota Life Insurance Company to Cameron International Corporation. The group policy afforded basic life insurance in the amount of $84,000

and supplemental life insurance in the amount of $209,000.  Mr. Darby designated his mother as his sole beneficiary, and he did not designate a secondary or contingent beneficiary.  When Mr. Darby died on July 31, 2015, however, his mother had already predeceased him.  Therefore, under the terms of the insurance policy, the proceeds were to be paid to Mr. Darby's surviving children in equal shares.

Mr. Darby's obituary stated that he had five children:  Reva Lightfoot, Anastasia Boyd, L.B., Dahlia Darby, and Quintus Williams.  Mr. Williams did not assert a claim to the insurance proceeds, but claims were asserted by or on behalf of the other four persons identified in the obituary as Mr. Darby's children.  Deidra Darby (Mr. Darby's ex-wife and the mother of his alleged daughter Dahlia) disputed the validity of the claims asserted by Ms. Lightfoot, Ms. Boyd, and L.B., arguing in correspondence to the plaintiff that Ms. Lightfoot, Ms. Boyd, and L.B. actually were not Mr. Darby's children.  Because none of the claimants disputed Ms. Darby's claim that Dahlia was Mr. Darby's daughter, Minnesota Life paid one-fifth of the policy proceeds to Ms. Darby for Dahlia's benefit.

Jones Funeral Home, Inc. also asserted a claim to a portion of the insurance proceeds based on Ms. Darby, Ms. Boyd, Ms. Lightfoot, and Samantha Booker (L.B.'s mother) each having individually executed a document stating that she was assigning to Jones the sum of $14,063.58 from the anticipated payment of insurance

policy proceeds. This Court assumes that this was the amount that Jones charged for Mr. Darby's funeral.

Minnesota Life initiated this interpleader proceeding pursuant to Rule 22 of the Federal Rules of Civil Procedure then filed a motion to dismiss, alleging that it claims no interest in the policy proceeds, is a mere stakeholder, is uncertain as to the proper beneficiaries of the policy proceeds, and is uncertain as to the validity of the assignments in favor of Jones. Minnesota Life deposited into the registry of the court the sum of $254,011.47, representing the face value of the coverages afforded by the group life insurance policy ($84,000 + $209,000 = $293,000) minus the payment already made to Ms. Darby for Dahlia's benefit ($58,600), plus accrued interest. Minnesota Life named Ms. Lightfoot, Ms. Boyd, Ms. Darby (on behalf of Dahlia), Ms. Booker (on behalf of L.B.), and Jones as defendants in the suit. This Court has already determined that interpleader is the proper means of resolving the parties' dispute. (Rec. Doc. 34 at 5).

## LAW AND ANALYSIS

### A. THE APPLICABLE STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. A fact is material if proof of

its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law.[1] A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[2]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact.[3] If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.[4] All facts and inferences are construed in the light most favorable to the nonmoving party.[5]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's

---

[1] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[2] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252); *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

[3] *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

[4] *Washburn v. Harvey*, 504 F.3d at 508.

[5] *Brumfield v. Hollins*, 551 F.3d at 326 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

claim.[6] The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[7]

B. **DAHLIA ANN DARBY IS MR. DARBY'S DAUGHTER**

In the pending motion, Ms. Darby seeks to have her daughter, Dahlia Ann Darby, recognized as Mr. Darby's daughter. No party has disputed the alleged father-daughter relationship between Mr. Darby and Dahlia Ann Darby, and no evidence was presented by any party in an effort to disprove that alleged relationship. In support of her motion, Ms. Darby submitted a copy of the marriage certificate establishing that she and Mr. Darby were married on February 6, 1993. (Rec. Doc. 36-4). She submitted a copy of the birth certificate for Dahlia Ann Darby, establishing that she was born on December 6, 1997 and that her parents are Deidra Ann Williams Darby and Henry Lee Darby, Jr. (Rec. Doc. 36-6). Those certificates are public records of vital statistics and consequently are exceptions to the hearsay rule that can be relied upon by this Court. F.R.E. 803(9). Ms. Darby also submitted a copy of the judgment of divorce, issued by a judge of the 16th Judicial District Court, St. Mary Parish, Louisiana, establishing that she and Mr. Darby were divorced on March 11, 2009. (Rec. Doc. 36-7). This is a public record, which is an exception

---

[6] *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. at 325).

[7] *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

-5-

to the hearsay rule, and no party disputed its authenticity. This Court finds that the judgment can be relied upon by this Court under F.R.E. 803(8). Accordingly, Ms. Darby established the date of her marriage to Mr. Darby, the date of their divorce, and the fact that Dahlia was born while they were married to each other.

Louisiana law is clear that the husband of the mother is presumed to be the father of a child born during the marriage. Louisiana Civil Code Article 185. Because Dahlia was born during the marriage, she is presumed to be Mr. Darby's daughter. No evidence was presented to rebut that presumption. Therefore, this Court finds that it is an undisputed fact that Dahlia Ann Darby is the daughter of the decedent, Henry Lee Darby, Jr.

In response to Ms. Darby's motion, defendant Jones Funeral Home, Inc. argued that no money should be paid to Dahlia Ann Darby until the funeral home has been paid the sum allegedly owed to it. The funeral home has not yet established that it is entitled to recover the sum it seeks. Furthermore, the other parties who potentially could be Mr. Darby's children have not yet established whether he is – or is not – their father. Therefore, at this stage of the litigation, the court is not able to make a determination concerning any party's entitlement to the funds in the registry of the court.

Having found that there is no dispute concerning the fact that Dahlia is Mr. Darby's daughter, this Court recommends that Ms. Darby's motion for summary judgment be granted and that Dahlia Ann Darby be recognized as Mr. Darby's daughter. No recommendation is made concerning any party's entitlement to the funds in the registry of the court.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that defendant Deidra Darby's motion for summary judgment (Rec. Doc. 36) be GRANTED and that Dahlia Ann Darby re recognized as the daughter of Henry Lee Darby, Jr.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on this 5th day of April 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE