IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MINNESOTA LIFE INSURANCE COMPANY** | **CIVIL ACTION NO. 6:17-cv-00823** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **REVA LIGHTFOOT; ANASTASIA BOYD; DEIDRA DARBY AS NATURAL TUTRIX OF DAHLIA ANN DARBY; SAMANTHA BOOKER AS NATURAL MOTHER AND GUARDIAN OF L. L. B.; AND JONES FUNERAL HOME, INC.** | **MAG. JUDGE PATRICK J. HANNA** |

**CONSENT JUDGMENT AND ORDER TO DISBURSE
FUNDS FROM THE COURT REGISTRY**

This cause having come before the Court on the joint motion of the defendants, Deidra Darby as natural tutrix of Dahlia Ann Darby and Reva Lightfoot, to enter a consent judgment as set forth herein, and the Court, being fully advised in the premises, hereby finds and adjudges as follows:

1. On June 27, 2017, Minnesota Life filed its Complaint for Interpleader against the named Defendants, each of whom has been properly served with the summons and the Complaint for Interpleader. This action for interpleader is governed by the Fed. R. Civ. 22 inasmuch as it involves persons with adverse claims for life insurance benefits under a policy of insurance issued by Minnesota Life, which is, or may be, exposed to multiple liability for death benefits on the life of Henry L. Darby, Jr. ("Mr. Henry Darby"). All of the Defendants have been properly served and joined in this action.

2. Mr. Henry Darby was insured under Group Policy Number 0033894 ("Policy") issued by Minnesota Life Insurance Company to Cameron International Corporation. (Dkt. #1-3)

Mr. Henry Darby purchased basic life insurance in the amount of $84,000 and supplemental life insurance in the amount of $209,000. The total amount of Policy benefits is $293,000.

3. On July 31, 2015 Mr. Henry Darby passed away. (Dkt. #1-4) Mr. Henry Darby had designated his mother as the sole beneficiary of the Policy benefits but Mr. Henry Darby's mother pre-deceased Mr. Henry Darby. Because Mr. Henry Darby had not designated a secondary or contingent beneficiary, the benefits are paid in accordance with the priority set forth in the Policy. The priority set forth in the Policy, if there is no surviving designated beneficiary, is first to the insured's lawful spouse, if living, otherwise to the insured's natural or legally adopted children in equal shares, if living. Mr. Henry Darby did not have a lawful spouse. Therefore, according to the terms and provisions of the Policy, the benefits are to be shared equally among his surviving children.

4. Mr. Henry Darby's obituary identified several children. (Dkt. #1-5) Of those identified in the obituary, Lightfoot, Boyd, Darby, and Booker claimed entitlement to the life insurance proceeds. (Dkt. #1-6) Each claimed in the beneficiary statement that she, or her minor child, is a child of Mr. Henry Darby. However, Deidra Darby as natural tutrix of Dahlia Ann Darby ("Darby") claims that that none of the other adverse claimants are Mr. Henry Darby's natural or legally adopted child and therefore are not entitled to any of the proceeds. (Dkt. #7-1) Darby claims that Dahlia Ann Darby is Mr. Henry Darby's only surviving child and as such is entitled to all of the proceeds. Defendants Anastasia Boyd and Samantha Booker as natural mother and guardian of L.L.B. have been dismissed for failure to file responsive pleadings. (Dkt. #22 and #48) Lightfoot continues to assert her claim for a share of the proceeds.

5. None of the other Claimants dispute that Dahlia Ann Darby is a surviving child. Therefore, one fifth of the Policy benefits have already been paid to Darby. Thus, on August 25,

2017, Minnesota life deposited $234,400 plus interest for a total of $254,011.47 into the registry of the Court.

6. On or about May 30, 2018 said court signed a Consent Judgment entering a final judgment of dismissal with prejudice of Minnesota Life and Jones Funeral Home, Inc., thereby ordering payment of a portion of the benefits to said parties. (Dkt. #54)

7. On or about January 9, 2017, Reva Lightfoot executed an affidavit for the 16th Judicial District Court, Parish of St. Mary, Louisiana whereby she gave permission for the court to release her records in the matter of *In the Interest of Reva Lightfoot (Docket Number 00-J-996)*. In that docket number entitled *State of Louisiana through the Department of Social Services in the Interest of Reva Lightfoot,* A Petition to Establish Paternity was filed. The petition alleged that the defendant, Henry Darby, Jr. was the natural father of the then minor child, Reva Lightfoot. The court ordered a paternity test of Henry Darby, Jr., Pamela Lightfoot and then minor child Reva Lightfoot. The paternity test was performed and the evaluation demonstrated that Henry Darby, Jr. was not the father of the Reva Lightfoot.

8. In the spirit of compromise Reva Lightfoot is entitled to a portion of the benefits in the amount of $2,500.00. Furthermore, the defendant, Reva Lightfoot, hereto withdraws any and all further claims in the policy benefits issued by the plaintiff, Minnesota Life.

**THE COURT THEREFORE FINDS, ADJUDGES AND ORDERS** as follows:

A. That the Defendant, Reva Lightfoot, withdraws her claim(s) to the funds paid into the Registry of the Court of the subject insurance proceeds except as to Paragraph (B);

B. That Reva Lightfoot is entitled to a portion of the benefits in the amount of $2,500.00 and accordingly, the Clerk of the Court is ordered to pay Reva Lightfoot the above

3

Case 6:17-cv-00823-RGJ-PJH Document 56 Filed 05/31/18 Page 4 of 4 PageID #: 306

amount as of the date the Clerk issues the check and forwarded to Reva Lightfoot C/O Attorney Michael Hoover, 9015 Blue Bonnet Blvd., Baton Rouge, LA 70810;

C. That the Clerk of the Court is ordered to pay to Deidra Darby as natural tutrix of the minor child, Dahlia A. Darby the amount deposited minus the amount awarded to the plaintiff, Minnesota Life, the defendant, Jones Funeral Home and the defendant, Reva Lightfoot from the funds deposited into the registry of the Court and send said check to Amanda A. Martin, counsel of record, 420 Iberia Street, New Iberia, LA. 70560;

D. That there is no just reason for delay and expressly directs the entry of such final judgment of dismissal with prejudice, pursuant to the Federal Rules of Civil Procedure; and

E. That Deidra Darby as natural tutrix of the minor, Dahlia Darby and Reva Lightfoot be granted such other and further relief as the Court deems to be proper in the premises.

So Ordered and Adjudged, this the 31st day of May, 2018.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

APPROVED:

*/s/Amanda A. Martin*
ATTORNEY FOR DEIDRA DARBY,
As Natural Tutrix of Dahlia Ann Darby


*/s/Jeremy Cedars*
ATTORNEY FOR DEFENDANT-IN-
INTERPLEADER, REVA LIGHTFOOT

4